## UNITED STATE BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In Re:
    Robert E. McClure, Jr.
    Amy E. McClure
        (Debtors)

Chapter 13
Case No.: 17-41925-CJP

### DEBTORS' RESPONSE BREIF REGARDING CREDITOR'S SUPPLEMENTAL OBJECTION TO ALLOWANCE OF SECURED CLAIM IN ITS ENTIRETY OF CREDITOR, OLD REPUBLIC INSURANCE COMPANY (Claim Register # 10)

### BACKGROUND

1. The Debtors filed their Chapter 13 case on October 27, 2017;

2. Old Republic Insurance Company ("ORIC") was scheduled in their filling for *notice purposes*;

3. ORIC filed a secured claim suggesting that it was the present holder of a note and mortgage given by the debtors to First Horizon Home Loan Corporation ("Horizon") dated March 1, 2007 that had been assumed by Tennessee Bank (FTB) as result of a merger with Horizon (March 19, 2007) which FTB subsequently thereafter assigned it to ORIC recorded on March 25, 2013;

4. However, prior in time to the assignment by FTB to ORIC, FTB recorded a notarized document styled "Mortgage Release Satisfaction and Discharge" ("Discharge") recorded March 13, 2013;

5. A hearing was held in this Court on May 15, 2018 wherein the Court determined that:
    (a) the mortgage securing the underlying note was in fact discharged, and
    (b) ORIC was ordered to file a brief within 30 days and the Debtors in turn to file a response brief 14 days thereafter to support their respective positions as to discharge ability of the underlying debt;

6. In preparation of the filing of this brief, by chance, upon a review of records at the Registry of Deeds it appears that an "Affidavit of Cancellation of Satisfaction of Mortgage and Reinstatement of Lien Retained in Mortgage" (copy attached) was recorded February 6, 2018 by Horizon suggesting that their previously recorded Discharge recorded five years previous on March 13, *2013* was in error;

7. Further review of the Court docket makes no reference to the subject affidavit.

## FACTS, DATES, AND FILINGS THAT NEED TO BE CONSIDERED

8. The situation that ORIC finds itself in is in no way the fault of the Debtor(s) and was self-inflicted by the mortgagee and assignees themselves during the past five years;

9. Such situation is akin to unscrambling an egg after cooking;

10. The Affidavit of Horizon referred to in #6 above is offered by a non-party in the Case after it had recorded a Discharge and then assigning the note and mortgage to ORIC;

11. Such affidavit is really being offered on behalf of ORIC in support of its debt collection without Horizon and/or ORIC having previously obtaining Court permission file it in pursuit of collection of a purported debt;

12. It is to be noted that no notice was given to the Debtors or their attorney who independently discovered the affidavit;

13. Horizon, FTB, and ORIC are all sophisticated major financial institutions who each in their right were gross negligent in their respective mortgage tracking procedures:

   (a) Horizon records both a Discharge and Assignment to ORIC;

   (a) ORIC fails to do run down of title at the Registry of Deeds to see the Discharge of record;

14. Prior to the Debtors filing Chapter 13 over four (4) years have passed since the Discharge and Assignments were recorded (2013 – 2017);

15. During these four (4) years no attempt was taken to correct the record by either Horizon/FTB or ORIC;

16. Also, during these ensuing years no holder in the chain of title sought to perfect their rights to collect under the note or to foreclosure the mortgage property by instituting legal proceedings (Latches);

17. Further review of the Registry of Deeds recordings reflect an additional mortgage was given to a third party as recorded on November 7, 2012 upon reliance of the recorded documents indicating that subject mortgage and underlying debt had been satisfied and the mortgage discharged.

## CONCLUSION

Horizon/FTB, and ORIC each in their own way as sophisticated financial institutions failed to engage best practices in their performance of due diligence in financial transaction.

Horizon/FTB, and ORIC failed to timely take steps to correct the consequences of their negligence.

Third parties have relied on documents of record prepared and recorded by Horizon/FTB, and ORIC.

The debtors were not a party to or the initiators of the documents that are the subject of this case.

Equity, demands that the debtors be relieved of this debt burden and obtain a fresh start in the event their Chapter 13 Plan is not allowed or fails.

Dated: July 6, 2018

        Respectfully submitted,

        Robert E. E. McClure, Jr.
        Amy E. McClure
        By their attorney

        Patrick J. Wood, Esquire
        BBO 533600
        11 Summer Street, Unit 8
        Chelmsford, MA 01824
        (978) 256-1515
        PJWood.esq@verizon.net

# Middlesex North Registry of Deeds

# Electronically Recorded Document

This is the first page of this document - Do not remove

## Recording Information

| | |
|---|---|
| Document Number | : 5223 |
| Document Type | : AFF |
| Recorded Date | : February 06, 2018 |
| Recorded Time | : 03:47:03 PM |
| Recorded Book and Page | : 31850 / 250 |
| Number of Pages(including cover sheet) | : 3 |
| Receipt Number | : 801744 |
| Recording Fee | : $75.00 |

**Middlesex North Registry of Deeds**
**Richard P. Howe Jr., Register**
360 Gorham Street
Lowell, Massachusetts 01852
978/322-9000
www.lowelldeeds.com

Prepared By:
First Horizon Home Loan Corporation
First Tennessee Bank National Association
P. O. Box 132
Memphis, Tn. 38101

Loan # 10427507

## AFFIDAVIT OF CANCELLATION OF SATISFACTION OF MORTGAGE
## AND
## REINSTATEMENT OF LIEN RETAINED IN MORTGAGE

I TERESA JOHNSON, of FIRST HORIZON HOME LOAN CORPORATION, being first duly sworn, do hereby make oath as follows:

WHEREAS, ROBERT E MCCLURE JR  AMY E MCCLURE (Borrower(s) did on the 1st day of MARCH 2007, execute a Mortgage conveying to FIRST HORIZON HOME LOAN CORPORATION certain real property as described therein. Said Mortgage is recorded on the 10TH day of APRIL, 2007 as Instrument No 2007 00018221 (or in Record Book 21127, Page 240) in the Register's Office of MIDDLESEX NORTH, MASSACHUSETTS and;

WHEREAS, on 12th day of MARCH, 2013, We, FIRST HORIZON HOME LOAN CORPORATION, erroneously, mistakenly, and inadvertently executed a full release of said Mortgage. Said SATISFACTION OF MORTGAGE is recorded as Book 27068, Page 105 on the 13th , March 2013, in the Register's Office of Middlesex North, MA and;

WHEREAS, the lien of the Mortgage should not have been released in as much as the indebtedness secured thereby has not been fully paid, I TERESA JOHNSON, do hereby make this Affidavit for the purpose of revoking, canceling and rendering the foregoing Satisfaction of Mortgage invalid and null and void as if the same has not been made, thus leaving the lien of said Mortgage in full force and effect.

IN WITNESS WHEREOF, I have executed this Affidavit on the 06th day February, 2018.

Witnessed By:

_____
Georgia Ward

_____
JoAlice ONeal

First Horizon Home Loan Corporation

_____
Teresa Johnson
LOAN OPERATIONS OFFICER

STATE OF TENNESSEE
COUNTY OF SHELBY

Personally appeared before me, TINA MATHEWS, Notary Public, TERESA JOHNSON, with whom I am personally acquainted, and who acknowledged that SHE executed the within instrument for the purpose therein contained, and who further acknowledged that she is the loan operations officer of first horizon home loan corporation, the make, and is authorized by the maker to execute this instrument on behalf of the maker.

WITNESS my hand at office, this 6th day of February, 2018.

_____
Notary Public: Tina Mathews
My Commission Expires: 01/18/2022

[Notary Seal: TINA MATHEWS, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY, MY COMMISSION EXPIRES 1-18-2022]

True Copy Certification

I, Jo Alice O'Neal, do hereby make oath that I am a licensed attorney and/or the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to the law.

*Jo Alice O'Neal*

State of Tennessee

County of Shelby

Personally appeared before me, Teresa Johnson, a notary public for this county and state, Jo Alice O'Neal who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed

*Teresa Johnson*
My commission expires: 8/11/18
Notary Seal

**United States Bankruptcy Court**
District of Massachusetts

In re: Robert E McClure, Jr.
Amy E McClure
Debtor(s)

Case No. **17-41925**
Chapter **13**

# CERTIFICATE OF SERVICE

I hereby certify that on **July 6, 2018**, a copy of Response To Brief of Old republic Insurance Company re:Order dated 5-16-18 (116 on the Docket) was filed and sent electronically by the court to all interested parties, the Trustee and all creditors listed below.

/s/ Patrick J. Wood
Patrick J. Wood
Patrick J. Wood, Esquire
11 Summer Street
Suite 8
Chelmsford, MA 01824
978-256-1515 Fax:978-256-3659
eliz.lyle@verizon.net, pjwood.esq@verizon.net